UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08645-RGK-KS | Date | December 14, 2022 |
|---|---|---|---|
| Title | *Brian Turcios v. Subaru of America, Inc. et al* | | |

cc: Los Angeles Superior Court, 22VECV01745

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On October 26, 2022, Brian Turcios ("Plaintiff") filed a complaint against Subaru of America, Inc. ("Subaru") and Casa Automotive Group ("Casa") in state court, alleging violations of the Magnuson-Moss Warranty Act among other claims. Plaintiff seeks restitutionary damages, civil penalties, and attorneys' fees and costs. Subaru removed the case to federal court on federal question jurisdiction grounds (28 U.S.C. § 1331). (Notice of Removal, ECF No. 1.) Upon review of Subaru's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.[1]

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1331, district courts have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." Claims arising under the Magnuson-Moss Warranty Act must also have an amount in controversy equal to or greater than $50,000. 15 U.S.C. § 2310(d)(3)(B). A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, Subaru does not plausibly allege that the amount in controversy exceeds the jurisdictional threshold. Subaru asserts that the "total of payments under the Motor Vehicle Purchase Agreement is $60,294.32," which is the total sale price of the vehicle at issue. (Notice of Removal ¶ 15; *see also id.*, Ex. C.) However, Plaintiff's restitutionary damages are limited to the actual payment made to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Subaru does not indicate the actual payment amounts made to the seller, leaving the Court with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3.

---

[1] It also does not appear that Subaru complied with the procedural requirement that "all defendants who have been properly joined and served must join in and consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Subaru does not even mention its codefendant Casa in the notice of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08645-RGK-KS | Date | December 14, 2022 |
| Title | *Brian Turcios v. Subaru of America, Inc. et al* | | |

    Subaru also asserts that Plaintiff seeks civil penalties, and attorneys' fees and costs. These penalties and costs, however, are speculative. As to civil penalties, while authorized under the Song-Beverly Act, Subaru has not alleged sufficient facts supporting such an award. As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are also too speculative to include in the amount in controversy.

    Therefore, the Court finds that Subaru has not plausibly alleged that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | _____ : _____ |
|---|---|
| Initials of Preparer | jre/k |